[Civ. No. 10053. Second Appellate District, Division One.—July 17, 1936.]

I. O. SUTPHIN, Respondent, v. FREDERICK A. SPEIK, Appellant.

Guy Richards Crump and Rutan & Mize for Appellant.

Leland J. Allen for Respondent.

YORK, Acting P. J.—This action is one to recover royalties acquired through an assignment of an oil and gas lease. The original lease was between California Petroleum Corporation, lessor, and C. K. Cole, lessee, and covered lots 12 and 14, block 118, Huntington Beach 17th Street section, in the city of Huntington Beach. Cole assigned the lease to his wife, Frank H. Cole, who, on January 7, 1927, executed an assignment to the plaintiff of a participating royalty interest of 5 per cent of the gross total production of all oil, gas and other hydrocarbons produced from the oil well then drilling upon the property covered by the lease ''or any substitute well therefor''. Subsequently, on March 21, 1927, the Coles assigned to defendant all of their right, title and interest in the lease.

The record shows that at the time plaintiff acquired his interest by assignment there was drilling on the property a well known as well No. 3 or Cole No. 3, which was the only well then on the property. About October, 1932, a fire destroyed the derrick and equipment, and in June, 1933, defendant redrilled the well, using part of the old hole, and renamed the well No. 3–A. Well No. 3–A was placed on production in August, 1933, and in October, 1933, well No. 4. New well No. 4 had no appreciable effect upon the production from well No. 3–A, but because well No. 4 was a new well and had to be operated to keep it from sanding up, well No. 3–A was shut down and all of the allowable production allocated to both wells was thereafter taken from well No. 4.

It is also shown that defendant wrote letters to plaintiff on September 2, 1930, September 11, 1930, and March 15, 1933, requesting plaintiff to give 50 per cent of his 5 per cent royalty interest to defendant, and that defendant would then redrill well No. 3, but plaintiff refused to do this, and thereafter defendant refused to pay plaintiff any income from the oil production, although he had redrilled well No. 3 and brought it back on production, and had brought in well No. 4 on the same lots. On October 27,

1933, plaintiff brought action to recover from defendant the sum of $3,254.65, representing his 5 per cent royalty of all oil, gas and other hydrocarbons produced from the well from August 1, 1933, to and including the date of filing of the complaint. At the conclusion of the introduction of evidence, during the trial of the action in March, 1934, plaintiff, upon leave of the court duly obtained, filed a supplemental complaint alleging that defendant became indebted to him between October 1, 1933, and December 31, 1933, in the additional sum of $3,134.17. The trial court found for the plaintiff in accordance with the allegations of the complaint and the supplemental complaint and rendered its judgment for $6,388.82, together with interest and costs. This appeal is from the judgment so rendered.

Appellant contends that the evidence is insufficient in the following particulars:

1. To support and justify the finding that the defendant is indebted to the plaintiff in the sum of $6,388.82, or that the whole thereof is due and owing to plaintiff from defendant.

2. To support and justify the finding that plaintiff purchased and acquired a 5 per cent interest in the total production of all oil, gas and other hydrocarbons produced from said property; or is the owner thereof; or of the money derived from the sale of said 5 per cent.

3. To support and justify the finding that well No. 4 produces from the same zone and pool as redrilled well No. 3.

Appellant also contends that the conclusions of law and judgment are errors of law.

█ The evidence stands uncontradicted that appellant had received payment from the Texas company, successor to the original lessor, from August to and including December, 1933, for oil and gas produced from the lots in question. Appellant admitted that he had received such payment and had not remitted any moneys to respondent, but had refused to do so. █ In answer to appellant's second point, there was introduced in evidence a written assignment dated January 7, 1927, from Frank H. Cole to respondent of a ''participating royalty interest of 5 per cent of the gross total production of all oil, gas and other hydrocarbons produced, saved and sold from said well on said premises, or any substitute well therefor, under and by virtue of the

said lease and assignment thereof''. Mrs. Cole testified to the due execution by her of the royalty assignment to respondent, and to the fact that she received consideration therefor. Respondent testified that he had never reassigned his interest acquired from Mrs. Cole.

As to appellant's point 3, that the evidence is insufficient to support the finding that well No. 4 produces from the same zone and pool as redrilled well No. 3, the evidence shows that some difficulty was encountered in well No. 4, and in order to keep said well from sanding up, well No. 3-A was shut down. Geologist Amlin testified as an expert and was of the opinion that wells Nos. 3-A and 4 drew from the same supply as certain other wells which were not on the lots in question, and that both wells Nos. 3-A and 4 produced oil from the same sand. It was also shown that appellant in December, 1933, shut down well No. 3-A and paid out of the production from well No. 4 all other royalty holders with the exception of the respondent.

We believe that the evidence adduced was amply sufficient to support and justify the findings excepted to by appellant; and that the conclusions of law and the judgment are without error, since we are convinced from a study of the record before us that appellant actually did substitute well No. 4 in the place and stead of well No. 3-A.

The judgment is affirmed.

Doran, J., and White, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 14, 1936. Waste, C. J., and Shenk, J., voted for a hearing.